**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| **RODRICK GAINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:25-cv-04223-MDH** |
| | ) | |
| **SAFEWAY TRADING, INC., d/b/a MARIO** | ) | |
| **USED CARS; OLD AMERICAN COUNTY** | ) | |
| **MUTUAL FIRE INSURANCE COMPANY;** | ) | |
| **ACCEPTANCE INSURANCE AGENCY OF** | ) | |
| **TENNESSEE, INC.; FOREMOST COUNTY** | ) | |
| **MUTUAL INSURANCE COMPANY; MGA** | ) | |
| **INSURANCE COMPANY, INC.; and** | ) | |
| **GAINSCO AUTO INSURANCE AGENCY,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendant Safeway Trading, Inc.'s ("Safeway") Motion to Dismiss Plaintiff's Original Complaint and Suggestions in Support. (Doc. 14). The Plaintiff filed Suggestions in Opposition (Doc. 15) and the Defendant filed a Reply. (Doc. 16). The motion is now ripe for adjudication on the merits. For the reasons stated herein, the Court will transfer the case to the United States District Court for the Northern District of Texas.

## BACKGROUND

This action arises from a default judgment in a state court of Texas from the alleged lapse of insurance coverage on a vehicle Plaintiff purchased through Defendant Safeway Trading, Inc. Plaintiff Rodrick Gaines is an individual residing in the State of Missouri. Defendant Safeway Trading, Inc. d/b/a Mario Used Cars is a Houston, Texas area automobile dealership, incorporated

in Texas with a principal address in Pasadena, Texas. Defendant Old American County Mutual Fire Insurance Company ("Old American") is an insurance company incorporated and licensed to do business in the state of Texas. Defendant Acceptance Insurance Agency of Tennessee, Inc. ("Acceptance") is an insurance company incorporated in the state of Tennessee. Defendant Foremost County Mutual Insurance Company ("Foremost") is an insurance company licensed to do business in the state of Texas with a principal address in Grand Rapids, Michigan. Defendant MGA Insurance Company, Inc. is an insurance company incorporated in and licensed to do business in the state of Texas with a principal address in Austin, Texas.  Defendant GAINSCO Auto Insurance Agency, Inc. ("GAINSCO") is an insurance company incorporated in and licensed to do business in the state of Texas with a principal address in Dallas, Texas.

Plaintiff agreed to purchase a 2006 Cadillac CTS and subsequently signed a vehicle purchase agreement with Defendant Safeway. Plaintiff alleges that Defendant Safeway represented that it would procure auto insurance coverage for Plaintiff's vehicle and provided Plaintiff with a copy of an insurance card on the day of purchase. The insurance card listed Defendant GAINSCO Auto Insurance Agency, Inc. as the insurer and Plaintiff made bi-weekly installments for the vehicle purchase price and auto insurance premium to Defendant Safeway. On June 29, 2013, Plaintiff was involved in a motor vehicle accident and alleges he notified Defendant Safeway of the accident. Plaintiff states that Defendant Safeway would report the accident to Defendant GAINSCO and assist with processing the claim.

On October 20, 2024, James Fontenot and Defendant Foremost filed a lawsuit against Plaintiff seeking reimbursement of medical and property damage payments made to James Fontenot, the other driver in the motor vehicle accident. Defendant Foremost's process server attempted to serve process on Plaintiff's old address at 5911 Doutlon Drive, Houston, Texas but

due to a protective order prohibiting Plaintiff from going to or within 200 feet of the resident, Plaintiff was unaware of the service attempts. Defendant Foremost filed a motion for entry of default judgment on October 20, 2015, and the Texas court entered a default judgment against Plaintiff. Plaintiff eventually found out about the default judgment, and he alleges he made several attempts to obtain information regarding his insurance policy and the motor vehicle accident claim. On June 28, 2025, he received a screenshot of the policy information of coverage from March 10, 2014 - September 10, 2014, covered by Defendant Old American and its managing general agent, Defendant Acceptance.

Plaintiff brings his Complaint seeking to overturn the default judgment, have the Court declare he was insured, and for damages against the various Defendants in this action. Plaintiff alleges eight counts: Count I - Request for Declaratory Relief (Defendant Foremost); Count II - Request for Declaratory Relief (Defendants Safeway, Acceptance, MGA, Old American, and GAINSCO); Count III - Unfair Settlement Practices (Defendants Safeway, Acceptance, MGA, Old American, and GAINSCO); Count IV - Misrepresentation of Insurance Policy (Defendants Safeway, Acceptance, MGA, Old American, and GAINSCO); Count V - Unfair Claim Settlement Practices (Defendants Safeway, Acceptance, MGA, Old American, and GAINSCO); Count VI - Delay in Payment (Defendants Safeway, Acceptance, MGA, Old American, and GAINSCO); Count VII - Deceptive Trade Practices (Defendant Safeway); and Count VIII - Fraud/Fraudulent Misrepresentation (Defendant Safeway). Defendant Safeway brings its motion to dismiss arguing that declaratory relief concerning insurance coverage is improper as to Defendant Safeway; Plaintiff's Complaint fails to state with particularity acts or omissions Plaintiff alleges are fraudulent; and Plaintiff's claims are duplicative.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Before the Court can move to Defendant Safeway's Motion to Dismiss, the Court will first evaluate whether it has personal jurisdiction over the Defendants in this action and that the United States District Court for the Western District of Missouri is the proper venue to hear the case.

### I.      Personal Jurisdiction

#### A.      General Jurisdiction

"Personal jurisdiction can be specific or general." *Tuggle v. Essential Info. Inc.*, No. 4:23-CV-00533-SEP, 2026 WL 796780, at *4 (E.D. Mo. Mar. 23, 2026) (quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 593 (8th Cir. 2011)). "A court may assert general jurisdiction over foreign corporations only if they have developed 'continuous and systematic general business contacts,' with the forum state, 'so as to render them essentially at

home in the forum State.'" *Id.* at 595 (cleaned up) (first quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); then quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)).

Here, the Plaintiff has alleged that no Defendants are residents of Missouri. Plaintiff has failed to allege any facts that would show any Defendant had continuous and systematic business contacts with Missouri. Thus, this Court, sitting in Missouri, does not have general personal jurisdiction over the Defendants in this case.

### B.    Specific Jurisdiction

"A court has specific jurisdiction over an out-of-state defendant when the defendant purposely directed its 'activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.' " *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The Eighth Circuit has established a five-factor test for assessing a defendant's contacts with the forum state: "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (quoting *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952 (8th Cir. 2022)). The first three factors are the most important. *Id.*

In applying the Eighth Circuit's factor test to determine a defendant's contact with the forum state, the Court finds that Defendants lack the necessary contacts with the State of Missouri to give this Court specific personal jurisdiction over them. As to factors one and two, Plaintiff does not allege any contacts the Defendants have with the State of Missouri. Further, in conducting a

search for a business entity within the Missouri Secretary of State's webpage, the Court finds only Defendants Acceptance Insurance Agency of Tennessee, Inc.,  MGA Insurance Company, Inc., and GAINSCO Auto Insurance Agency, Inc. are licensed to do business within the state. Regarding these Defendants ties to the current action, Plaintiff has failed to allege any factual allegations that show any ties to the state. From the Complaint, it appears all of Plaintiff's contacts with the Defendants stem from the State of Texas, whether it was his purchase of his automobile, the creation of the insurance policy, and even the underlying default judgment of a state court in Texas. Nothing within the Complaint would tie the Defendants to the State of Missouri for specific personal jurisdiction. Likewise, the Court finds that Texas would have an interest in providing a forum for its residents and considering that Defendants primarily are incorporated or do business within the State of Texas the convenience of the parties weighs with Texas. Thus, the Court finds that it does not have specific personal jurisdiction over the Defendants in this case.

### C.      Waiver of Personal Jurisdiction

"A defendant waives the requirement of personal jurisdiction, however, if it fails to raise the defense in its first pre-answer motion, or if no motion is filed in its answer." *Vallone v. CJS Solutions Group, LLC*, 9 F.4th 861, 864 (8th Cir. 2021) (citing Fed.R.Civ.P. 12(h)(1)). If a party files such a motion, then it "may not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *Id*. 12(g)(2).

Here, Defendant Safeway's Motion to Dismiss Plaintiff's Complaint does not contain a defense regarding personal jurisdiction in its motion and thus has constructively waived any objection to personal jurisdiction in this case pursuant to Federal Rule of Civil Procedure 12(h)(1). While the Court acknowledges it has personal jurisdiction over Defendant Safeway Trading, Inc., it does not have personal jurisdiction over the other Defendants in which Plaintiff maintains a

claim. The Court is thus confronted on whether to dismiss the other Defendants in this case and proceed solely on Plaintiff's claims against Defendant Safeway Trading, Inc. in this case or, as will be discussed below, to transfer it to a jurisdiction that will have both personal jurisdiction and proper venue.

## II.     Venue

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any juridical district in which any defendant is subject to the Court's personal jurisdiction.

As articulated above, no Defendants reside in the Western District of Missouri and thus venue is not appropriate as to 28 U.S.C. § 1391(b)(1). Additionally, Plaintiff does not specify where the alleged car accident took place. The only indication of where these events gave rise is within the State of Texas. Texas is where Defendants are located, the alleged insurance policies were enacted, and where Plaintiff bought his vehicle. With no factual allegations tying this action to the Western District of Missouri, the Court finds that venue is improper pursuant to 28 U.S.C. § 1391(b)(2). Lastly, 28 U.S.C. § 1391(b)(3) does not apply as there is a juridical district where this action may have otherwise been brought and that is within the Northern District of Texas. Given this, the Court finds that the Western District of Missouri is not a proper venue for this case.

When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

could have been brought." 28 U.S.C. § 1406(a). In the interest of justice the Court finds that transfer of this case to the United States District Court for the Northern District of Texas is proper. For the reasons stated, the Court hereby orders this case to be transferred to the United States District Court for the Northern District of Texas to ensure that Court has personal jurisdiction over all Defendants and where venue would be properly held.

### III.    Motion to Dismiss

The Court, having found issues with personal jurisdiction and venue in this case finds that this matter would be better served in a court that would have personal jurisdiction and be a proper venue for all Defendants in this case. As the Court will transfer this case to the United States District Court for the Northern District of Texas, this Court will decline to rule on Defendant Safeway Trading, Inc.'s Motion to Dismiss.

### CONCLUSION

For the reasons stated herein, the Court hereby **TRANSFERS** this case to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED.**

DATED:  May 12, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**