IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRICK GAINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1543-B-BN |
| | § | |
| SAFEWAY TRADING, INC., d/b/a | § | |
| MARIO USED CARS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY REGARDING SUBJECT MATTER JURISDICTION

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3).

Diversity jurisdiction under 28 U.S.C. § 1332 is the only basis for federal subject matter jurisdiction that Plaintiff Rodrick Gaines invokes in his Original Complaint. *See* Dkt. No. 1 at 2-3.

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Put another way, a corporation's principal place of business is its "nerve center." *Id.* at 93.

But, if a party is an unincorporated association, "the citizenship of each member must be considered." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

In his Original Complaint, Plaintiff Rodrick Gaines pleads that he "is a citizen of the state of Missouri and the Defendants are citizens of Texas, Tennessee, Michigan, and California." Dkt. No. 1. At 3.

As to each Defendant specifically, Gaines first alleges that Defendant Safeway

Trading, Inc., doing business as Mario Used Cars, "is a business incorporated in the state of Texas" with its "principal address" in Pasadena, Texas. *Id.* at 2. From these allegations, the Court can reasonably infer that Mario Used Cars is a corporation that is incorporated and has its principal place of business in Texas.

Second, Gaines pleads that Defendant Old American County Mutual Fire Insurance Company "is an insurance company incorporated and licensed to do business in the state of Texas." *Id.*

From these allegations, the Court can reasonably infer that Old American is a corporation whose state of incorporation is Texas. But the Court cannot determine its principal place of business.

Third, Gaines pleads that Defendant Acceptance Insurance Agency of Tennessee, Inc., is "an insurance company incorporated in the state of Tennessee and licensed to do business in the State of Texas" with its "principal address" in Tennessee. From these allegations, the Court can reasonably infer that Acceptance is a corporation that is incorporated and has its principal place of business in Tennessee.

Fourth, Gaines alleges that Defendant Foremost County Mutual Insurance Company "is an insurance company licensed to do business in the state of Texas" with an "address" in Grand Rapids, Michigan. *Id.*

But Gaines does not clarify whether Foremost is a corporation or an unincorporated entity. And "lack of clarity does not satisfy our requirement of 'clear, distinct, and precise affirmative jurisdictional allegations.'" *SXSW,* 83 F.4th at 408

(quoting *Getty Oil Corp.*, 841 F.2d at 1259).

If Foremost is a corporation, then Gaines's allegations are insufficient because Gaines has not pleaded Foremost's state of incorporation nor its principal place of business. And, if it is not incorporated, then Gaines must allege the citizenship of each of Foremost's underwriters or members. *See Getty Oil Corp.*, 841 F.2d at 1258.

Fifth and sixth, Gaines alleges that Defendants MGA Insurance Company, Inc. and GAINSCO Auto Insurance Agency, Inc. are each "an insurance company incorporated in and licensed to do business in the state of Texas" with an "address" in Texas. Dkt. No. 1 at 2, 3.

From these allegations, the Court can reasonably infer that both MGA and GAINSCO are corporations whose state of incorporation is Texas. But the Court cannot determine either entity's principal place of business.

And, so, Gaines's Original Complaint does not meet the pleading standard required to invoke diversity jurisdiction.

Because Gaines, as the party invoking the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, has not adequately alleged the citizenship of Defendants Old American, Foremost, MGA, or GAINSCO, he must file a written response to this Order to properly plead the citizenship of these parties by **May 29, 2026**.

Failure to do so will result in a recommendation of dismissal under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

DATED: May 15, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE