IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRICK GAINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1543-B-BN |
| | § | |
| SAFEWAY TRADING, INC., d/b/a | § | |
| MARIO USED CARS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This transferred case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from Senior United States District Judge Jane J. Boyle. See Dkt. No. 22.

On October 3, 2025, Plaintiff Rodrick J. Gaines, then proceeding *pro se*, filed this complaint in the United States District Court for the Western District of Missouri against Defendants Safeway Trading Inc., doing business as Mario Used Cars; Old American County Mutual Fire Insurance Company; Acceptance Insurance Agency of Tennessee Inc.; Foremost County Mutual Insurance Company; MGA Insurance Company Inc.; and GAINSCO Auto Insurance Agency Inc. *see* Dkt. No. 1.

Foremost filed a waiver of service on November 7, 2025. *See* Dkt. No. 3. And Safeway was served with process on February 2, 2026. *See* Dkt. No. 7.

On May 12, 2026, the district court noted that Gaines's deadline to serve Defendants had expired on January 1, 2026 but Old American, Acceptance Insurance,

- 1 -

MGA Insurance, and GAINSCO had not been served. *See* Dkt. No. 17. And the court ordered Gaines to "show cause within 10 days … why these Defendants should not be dismissed for failure to prosecute." *Id.*

After the case was transferred to this Court, the Court ordered Gaines to amend his jurisdictional allegations and warned that failure to do so would result in a recommendation of dismissal for lack of jurisdiction. *See* Dkt. No. 23.

Gaines complied and amended his allegations. *See* Dkt. No. 24. And he later obtained counsel to represent him in this litigation. *See* Dkt. No. 25.

But the remaining Defendants still have not been served with process.

And, so, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**Legal Standards**

Rule 4(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); see also *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. See *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* At 880; see also *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992).

## Analysis

Gaines failed to serve Old American, Acceptance Insurance, MGA Insurance, and GAINSCO within 90 days after he filed his complaint despite the district court's instructions to do so. *See* Dkt No. 17.

And, to date, Gaines has not filed a response to the district court's order showing good cause for the Court to extend the time for service for an appropriate period.

And, so, dismissal is warranted for failure to prosecute, and, specifically, because he failed to timely serve Old American, Acceptance Insurance, MGA Insurance, and GAINSCO after he was provided notice of the consequences of such failure. *Accord Trejo v. US Senate*, No. 1:23-cv-67-H-BU, 2024 WL 1863392 (N.D. Tex. Apr. 2, 2024) (explaining that failure to serve process alone warrants dismissal); *see also Veronica B. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847 (N.D. Tex. Oct. 10, 2019).

And dismissal is warranted because of Monroe's failure to comply with a court

order regarding service. *See* Dkt. No. 17. The May 22, 2026 deadline in that order for Gaines to serve the remaining four Defendants or show good cause to extend his service deadline have passed.

The undersigned has no reason to believe that Gaines's failure to prosecute or comply with court orders is the result of some improper motive. And, so, the Court should dismiss Gaines's claims without prejudice.

### Recommendation

The Court should dismiss Plaintiff Rodrick J. Gaines's claims against Defendants Old American County Mutual Fire Insurance Company, Acceptance Insurance Agency of Tennessee Inc., MGA Insurance Company Inc., and GAINSCO Auto Insurance Agency Inc. without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 3, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE